ZEVART NAHABEDIAN p. a. *vs.* UNITED ELECTRIC RAILWAYS CO.

SARKIS NAHABEDIAN *vs.* SAME.

FEBRUARY 14, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

456

RATHBUN, J. We have before us two actions in trespass on the case for negligence; one is brought by a minor child—by next friend—to recover for personal injuries received as the result of being hit by a street car of the defendant; and the other is brought by the father of said child to recover for the loss which he sustained by reason of said injuries to his child. The two cases were tried together. The jury returned a verdict for the child for $7,500 and another verdict for the father in the sum of $2,000.

Each case is here on the defendant's exceptions as follows: To the admission of testimony; to the refusal to direct a verdict for the defendant; to instructions to the jury; to the refusal to instruct as requested and to the denial of the defendant's motion for a new trial.

Did the trial court err in refusing to direct a verdict for the defendant? The accident happened on Cranston street, in the city of Providence, about sixty feet west of the westerly curb line of Harrison street. On Cranston street, which extends east and west, are two lines of car tracks. At the time of the accident the child was slightly more than three years old. Intending to cross to the north side of said street, she left the southerly sidewalk and ran diagonally toward the street car, which was proceeding westerly on the northerly line of tracks, and was hit by the right-hand front corner of said car. When the car was stopped the right-hand front wheel was upon one of her feet.

No contention is made that the car was being operated recklessly or rapidly. It is admitted that the car was proceeding slowly. According to the testimony the car was coasting at a speed of about eight or nine miles per hour. Nothing was presented tending to indicate that the motorman, as soon as he saw the child, did not do everything which could be done to stop the car. The only negligence complained of was the failure of the motorman to observe the child soon enough to enable him, by stopping the car, to avoid the accident. Cranston street between the curbs at the place of the accident is 34 feet wide. The distance in a straight line from the southerly curb to the farther rail of the north line of tracks is approximately twenty feet.

The motorman testified that he first saw the child when she ran out from behind an automobile which was running on the south line of tracks; that the child was then fourteen or fifteen feet away from the front end of the street car; that "she was running in a horizontal direction right towards the car"; that he reversed the power and thereby stopped the car as quickly as possible. This testimony was corroborated by a witness who was on the sidewalk.

The plaintiffs produced Mr. Dumas who testified that he was on the southerly sidewalk and saw two little girls sixty or seventy feet in front of him; that one of them left the sidewalk and crossed the street, "kind of trotting", "slantwise, about forty-five degrees"; that he "thought sure she was going to get hurt"; that the child crossed both rails in front of the street car and then stepped back a step to avoid an automobile, which was passing the car on its right, and was hit by the car; and that he saw no automobile either in front or behind the child as she was crossing the south line of tracks.

It is apparent from the record that Mr. Dumas, who was a French Canadian, understood English very imperfectly. He testified: "I don't talk much English". Although the conditions were such that he was sure an accident would happen, at a time when the street car was going slowly, he

did testify that no automobile was proceeding in front of the child when she was crossing the street. Whether the motorman, by the exercise of due care, could have seen the child before he did depends upon the question whether the child ran out from behind an automobile. As we have already indicated, the testimony of Mr. Dumas denies the presence of an automobile. In passing upon a motion to direct a verdict, a trial justice should not rule in accordance with his opinion as to the preponderance of the evidence. The evidence being conflicting as to the presence of an automobile in front of the child immediately before she appeared on the north line of tracks, it was a question for the jury, in the first instance, whether the motorman should have seen the child before he did. The exception to the refusal to direct a verdict for the defendant is overruled.

The defendant excepted to the following instruction to the jury; "if he should have seen that child then it was his duty to do everything possible to stop his car." The instruction was erroneous and the exception is sustained. As we have stated in *Smith* v. *Hopkins*, 131 A. 542: "This statement of the standard of care required of the defendant 'to have avoided striking him (plaintiff) by using all means in his power' is erroneous, as defendant's duty was to use the reasonable care of a prudent man in like circumstances to avoid striking plaintiff after his peril was or should have been discovered."

The defendant excepted to the following instruction: "The child was in the middle of the street, and this motorman came along, and he saw the child fifteen to thirty feet ahead, plenty of time to stop if he did everything possible to stop, and if he did not, then the railroad company is liable for the damages she sustained".

The court misstated the evidence. There was no testimony that the motorman saw the child "fifteen to thirty feet ahead". Although all of the evidence upon the point was to the effect that the motorman, as soon as he saw the child, did everything which it was possible to do to stop the

car, it was conceded that he did not succeed in stopping in time to save the child from injury. The instruction left nothing on the question of liability for the jury to decide and was tantamount to a direction of a verdict for the plaintiffs on the question of liability. The exception to this instruction is sustained.

Having determined that the defendant is entitled to a new trial it is inappropriate to pass upon the question whether the evidence preponderated in favor of the plaintiffs. The exceptions not specifically considered are overruled.

The papers in each case are ordered remitted to the Superior Court for a new trial.

*McElroy & Fallon, Dickran H. Boyajian,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.